# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE, NORTHERN DIVISION

| | |
|---|---|
| RICK COLLINS<br>d/b/a AAA RECOVERY<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY INSURANCE<br>UNDERWRITERS, INC.<br><br>Defendant. | Case No. 3:14-cv-169<br><br>JURY TRIAL DEMANDED |

## NOTICE OF REMOVAL TO FEDERAL COURT

Pursuant to 28 U.S.C. §§ 1332, 1441, Defendant Liberty Insurance Underwriters, Inc. ("Liberty") files this Notice of Removal of Case No. 2-147-14 from the Circuit Court of Knox County, Tennessee to the Eastern District of Tennessee, Northern Division. Defendant's short and plain statement of the grounds for removal is as follows[1]:

1. On March 11, 2014, Plaintiff Rick Collins d/b/a AAA Recovery ("Plaintiff") filed this action against Liberty in the Circuit Court of Knox County, Tennessee.

2. On March 26, 2014 the Department of Commerce and Insurance for the State of Tennessee received service of the lawsuit.

3. Liberty has filed this notice of removal within the thirty (30) day time frame allowed pursuant to 28 U.S.C. § 1446(b). Accordingly, this Notice of Removal is timely filed.

4. As required by 28 U.S.C. § 1446(a), copies of all "process, pleadings and orders served upon each such defendant" are attached as Exhibit 1 to this Notice of Removal. Liberty has not been served with any other pleadings or orders.

---

[1] Defendant reserves the right to supplement this notice with additional facts, affidavits, or memoranda if necessary to effectuate removal.

5. Plaintiff claims that he owns and operates an auto repossession company, which has its own repossession contracts as well as sub-contracts with other repossession companies. (Exhibit 1, Complaint at ¶¶ 6, 7.) According to the Complaint, on March 13, 2012 an employee of Plaintiff was involved in an auto accident while driving a repossessed vehicle. (*Id.* at ¶ 7.) Following the accident, Plaintiff submitted a claim to Liberty seeking coverage for the damage to the vehicle. (*Id.* at ¶¶ 9-14.) Plaintiff asserts that Liberty wrongfully denied the claim and filed suit for: (1) Bad Faith; (2) Breach of the Tennessee Consumer Protection Act ("TCPA"); (3) Fraudulent Misrepresentation; (4) Negligent Misrepresentation; (5) Common Law Fraud; and (6) Breach of Contract. (*Id.* at ¶¶ Counts I-VI.) As damages, Plaintiff seeks actual damages of $60,000, treble damages under the TCPA, attorney's fees, and punitive damages not to exceed $280,000. (*Id.* at "WHEREFORE" paragraph.)

6. As stated further below, this case is removable because this Court has original subject matter jurisdiction on diversity grounds pursuant to 28 U.S.C. § 1332(a)(1) and (2). *See* 28 U.S.C. § 1441(a) (providing that any civil action filed in state court over which the district court would have original jurisdiction may be removed).

## GROUNDS FOR REMOVAL

7. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and all properly joined defendants are "citizens of different States." 28 U.S.C. § 1332(a)(1).

### A. There is Complete Diversity Between Plaintiff and Defendant

8. Complete diversity of citizenship exists between Plaintiff and Liberty.

9. At the time of filing the Complaint, Plaintiff was a citizen and resident of the State of Tennessee. (Exhibit 1, Complaint at ¶ 3.)

10. Liberty is a foreign insurance company organized and existing under the laws of the State of Illinois, with its principal place of business in the State of Massachusetts. (Exhibit 1, Complaint at ¶ 4; Exhibit 2, Affidavit of Kelley Cox.)

11. Therefore, for purposes of this Notice of Removal, defendant Liberty is a citizen of a state other than Tennessee.

### B. Notice Of Removal Was Filed Within The 30-Day Limit Required By 28 U.S.C. § 1446(b) And All Procedural Requirements Have Been Met.

12. Plaintiff served Liberty through the Department of Commerce and Insurance for the State of Tennessee, who received the Complaint on March 26, 2014. (Exhibit 1, March 26, 2014 Notice of Service of Process.) This removal is timely under 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days of March 26, 2014.

### C. The Amount In Controversy Exceeds $75,000.00, Exclusive Of Interest and Costs, As Required by 28 U.S.C. § 1332(a).

13. The amount in controversy in this case exceeds $75,000.00, satisfying the requirements of 28 U.S.C. § 1332(a). Plaintiff claims that he suffered damages as a result of Liberty's alleged refusal to pay his insurance claim. (Exhibit 1, Complaint at Counts I-VI and "WHEREFORE" paragraph.) As damages, Plaintiff seeks actual damages of $60,000, treble damages under the TCPA, attorney's fees, and punitive damages not to exceed $280,000. *(Id.* at "WHEREFORE" paragraph.)

14. In calculating the amount in controversy, compensatory and punitive damages claimed by plaintiff are included, as well as any statutory penalties—such as treble damages under the TCPA—as well as statutory attorney's fees sought by plaintiff. *See Wallac v. Ocwen*

*Loan Servicing, LLC*, No. 3-11-00810, WL 5023425, *1 (M.D. Tenn. Oct. 16, 2011). The potential damages recoverable, including the $60,000 claimed in consequential damages, when combined with the claimed attorneys' fees, punitive damages of $280,000, and treble damages under the TCPA, far exceed the $75,000 threshold. Consequently, Liberty has met its burden of establishing by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.00, and therefore satisfies the requirements of 28 U.S.C. § 1332(a).

D.   **Liberty Has Satisfied All Requirements For Removal.**

15.   By reason of the amount in controversy and the complete diversity of citizenship of the parties, the action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a).

16.   Liberty has complied with all applicable requirements of 28 U.S.C. § 1446. Pursuant to 28 U.S.C. § 1446(d), Liberty will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Knox County, Tennessee. A copy of the Notice to Clerk of Removal to Federal Court, which Liberty will file in the Circuit Court, is attached as Exhibit 3 to this Notice of Removal. As indicated in the Certificate of Service, below, Liberty has served a copy of this Notice of Removal on counsel for Plaintiff.

17.   Liberty reserves the right to amend or supplement this Notice of Removal.

18.   Liberty reserves all defenses.

**WHEREFORE**, Defendant Liberty Insurance Underwriters, Inc. respectfully removes the action now pending in the Circuit Court of Knox County, Tennessee entitled *Rick Collins d/b/a AAA Recovery v. Liberty Insurance Underwriters, Inc.*, case no. 2-147-14, from that Court to this Court.

## DEMAND FOR A JURY TRIAL

Defendant requests a trial by jury on all issues so triable in this matter.

DATED: April 25, 2014.

>Respectfully submitted,
>
>HUSCH BLACKWELL LLP
>
>By: /s Caroline B. Stefaniak
>Caroline B. Stefaniak, BPR No. 025710
>736 Georgia Avenue, Suite 300
>Chattanooga, TN 37402
>423.757.5950
>423.266.5499 (fax)
>carrie.stefaniak@huschblackwell.com
>
>ATTORNEYS FOR DEFENDANT
>LIBERTY INSURANCE UNDERWRITERS, INC.

## CERTIFICATE OF SERVICE

A true and correct copy of the above document was served by United States mail, first-class postage prepaid, this 25th day of April, 2014, addressed to the following:

Andrew O. Beamer
Attorney at Law
707 Market Street
Knoxville TN 37902

ATTORNEY FOR PLAINTIFF

>/s Caroline B. Stefaniak
>An attorney for Defendant Liberty Insurance
>Underwriters, Inc.