**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

March 26, 2014

Liberty Insurance Underwriters, Inc.  
2908 Poston Avenue, % C S C  
Nashville, TN 37203  
NAIC # 19917

Certified Mail  
Return Receipt Requested  
7012 3460 0002 8942 6150  
Cashier # 14820

Re:  Rick Collins  V.  Liberty Insurance Underwriters, Inc.

Docket # 2-147-14

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served March 26, 2014, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert  
Designated Agent  
Service of Process

Enclosures

cc: Circuit Court Clerk  
    Knox County  
    400 Main Avenue, Rm M-30 C/C Bldg  
    Knoxville, Tn 37902

# IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

RICK COLLINS )
d.b.a AAA RECOVERY )
)
    Plaintiff, )
)
v. )
) No. 2-147-14
LIBERTY INSURANCE UNDERWRITERS, INC ) JURY DEMANDED
)
)
    Defendant )

FILED
2014 MAR 11 PM 12 54
KNOX COUNTY CIRCUIT, CIVIL
SESSIONS & JUVENILE COURT
CATHERINE SHANKS, CLERK

## SUMMONS

To the respondent:

**LIBERTY INSURANCE UNDERWRITERS, INC, 175 Berkley Street, Boston, MA 02116. Phone 617-357-9500**

You are hereby summoned and required to serve upon:

    Andrew O. Beamer, Atty.
    707 Market Street
    Knoxville, TN 37902

The Petitioner's attorney, whose address is shown above, an answer to the petition herewith served upon you within 30 days after service of this summons and petition upon you, exclusive of the day of service, and file it with the Court. If you fail to do so, judgment by default can be taken against you for the relief demanded in the Petition.

Issued and tested \_\_\_11\_\_\_ day of March, 2014

                                    _____
                                    Clerk

                                    _____
                                    Deputy Clerk

## NOTICE

To the Defendant (s):

Tennessee law provides a Four Thousand Dollar ($4,000.00) personal exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not become effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

To the process server: Serve the defendant at: **LIBERTY INSURANCE UNDERWRITERS, INC, 175 Berkley Street, Boston, MA 02116. Phone 617-357-9500**

## RETURN

I received this summons on the _____ day of _____, 2014.
I:

[ ] served this summons and complaint on the defendant _____
_____ in the following manner: _____

_____

_____

[ ] failed to serve this summons within 30 days after its issuance because: _____

_____

_____

_____
Process Server

The Americans with Disabilities Act prohibits discrimination against any qualified individual with a disability. The Tennessee Judicial Branch does not permit discrimination against any individual on the basis of physical or mental disability in accessing its judicial programs. In accordance with the Americans with Disabilities Act, if necessary, the Tennessee Judicial Branch will provide reasonable modifications in order to access all of its programs, services and activities to persons with qualified individuals with disabilities.

If you require a modification to access the judicial program and/or have special needs because of a qualified disability, you must submit a written **Request for Modification** to the Local Judicial Program ADA Coordinator listed below at least five (5) business days prior to the date of the judicial program, if possible. A form is available from the Local Judicial Program ADA Coordinator or from the Tennessee Judicial Program ADA Coordinator.

If you need assistance, have questions or need additional information, please contact the Local Judicial Program ADA Coordinator:

Pat Carson, Suite 360 City-County Building, 400 Main Street, Knoxville, Tn. 37902
(865) 215-2952  TTY: 215-2497
patcarson@knoxcounty.org

If you need assistance, have questions or need additional information, you may also contact the Tennessee Judicial Program ADA Coordinator:

Julie Taylor, 511 Union Street, Ste. 600, Nashville, Tn. 37219
(615) 741-2687 OR (800) 448-7970
adacoordinator@tscmail.state.tn.us

The Tennessee Judicial Branch Americans With Disabilities Act Policy Regarding Access to Judicial Programs, as well as a Request for Modification form may be found online at www.tsc.state.tn.us.

# IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

RICK COLLINS )
d.b.a AAA RECOVERY )
)
)
Plaintiff, )
)
v. )
) No. 2-147-14
LIBERTY INSURANCE UNDERWRITERS, INC ) JURY DEMANDED
)
)
Defendant )

## COMPLAINT

Comes now, the plaintiff, Rick Collins owner and operator of AAA Recovery ("AAA") by and through his counsel of record and sues the defendant for violation of the Tennessee Consumer Protection Act, bad faith, fraud, misrepresentation, negligence, breach of contract and for grounds would show the following:



### JURISDICTION AND VENUE

1. The jurisdiction is proper pursuant to Tenn. Code Ann. § 47-18-109(2) to secure protection and redress for deprivation of the protected rights granted plaintiff by the Tennessee Consumer Protection Act of 1977 ("TCPA"), as providing for injunctive relief and other relief for injuries, damages and losses proximately resulting from the violation of the TCPA including reasonable attorneys fees.

2. The underlining events and signing of the contract/Insurance policy at issue all occurred in Knox County, Tennessee.

## PARTIES

3. Rick Collins is a resident of Knox County, Tennessee and the business AAA Recovery is based in Anderson County, Tennessee at 7712 Old Clinton Pike Road, Powell TN 37849.

4. Defendant Liberty Insurance Underwriters, Inc. is based out of Boston, MA, with the business address of 175 Berkeley, MA 02116.

## BACKGROUND FACTS

5. Mr. Collins signed an insurance contact with the Defendants on April 12, 2012 to insure his business and the transactions that his business conducts.

6. Mr. Collins has owned and operated AAA Recovery for three (3) years and has always sought and had insurance on his business. The business is a repossession company that not only has its own contracts but also sub-contracts with multiple other repossession firms.

7. On March 13, 2013 Mr. Collins was operating as a sub-contractor for National Auto Recovery. Mr. Collins and Neal Pemberton had a contractual relationship that went back two (2) years to this point. On March 13, 2012 while conducting repossession for Check into Cash, an employee for Mr. Collins a Kristin Collins was involved in an automobile accident involving the repossessed vehicle. This occurred in Knox County, Tennessee.

8. Mr. Collins whose business includes towing and "drive-away" means the act of physically getting into the repossessed vehicle and driving it off the premises. It was during a "drive-away" that the accident occurred with employee Mrs. Collins.

9. Mr. Collins informed Defendant, Liberty Insurance Underwriters, Inc. the same day as the accident.

10. Mr. Collins was informed at the time the Defendant Liberty Insurance Underwriters, Inc. would take care of the action.

11. He informed Neal Pemberton of the situation and that his insurance had been alerted and would take care of the accident. Further they informed Mr. Collins that they would no longer work with him or his company because of this insurance issue.

12. On April 10, 2013 Mr. Collins was informed by Defendant, Liberty Insurance Underwriters, Inc. that they would not cover the accident. (exhibit One)

13. Mr. Collins and AAA Recovery have received no new invoices from Neal Pemberton since the Defendant's refusal to pay for the accident.

14. Mr. Collins contacted the Defendant multiple times during the next six months seeking for them to abide by the insurance contract that he had signed.

15. At all times on March 13, 2013 Mr. Collins and his employees were acting within the confines of their normal operating procedure and the normal day to day operations of a repossession company. Mr. Collins spoke with Jeff Bailey insurance agent and was assured that he had "drive-away" coverage.

## CAUSES OF ACTION

### I. BAD FAITH

16. All allegations in paragraphs 1 through 15 of this Complaint are hereby incorporated and re-alleged by reference.

17. Under Tenn. Code Ann. § 56-7-105, Defendant did deny the claim and upon a demand, continued to deny the claim.

18. The action that was denied occurred during the course of the regular course of business and was not outside the scope of the insurance. As such it should have been paid in a timely manner.

19. The defendant operating under bad faith and refusing to pay the claim has been the actual and proximate cause of damages to the plaintiff.

## II. TENNESSEE CONSUMER PROTECTION ACT

20. Defendant did breach the TCPA by stating that the insurance would cover "drive-away" and then in fact refusing to pay when an accident occurred during a "drive-away".
21. Defendant further knowingly made representations that they would cover just such an action when in fact they never had the intent to do so.
22. The deceptive and unfair acts were the actual and proximate cause of the damages suffered by Mr. Collins and AAA Recovery.

## III. FRAUDULENT MISREPRESENTATION

23. All allegations in paragraphs 1 through 22 of this Complaint are hereby incorporated and re-alleged by reference.
24. Defendant did make intentional misrepresentations to Mr. Collins in order to insure the sale of the insurance policy. Defendant knew that a key part of Mr. Collins's business was not going to be covered and led him to believe it would. They never made an attempt or a good faith effort to inform him of these defects in the insurance policy.
25. It was this fraudulent misrepresentation that was the actual and proximate cause of Mr. Collins damages.

## IV. NEGLIGENT MISREPRESENTATION

26. All allegations in paragraphs 1 through 25 of this Complaint are hereby incorporated and re-alleged by reference.

27. Defendant, who had a pecuniary interest in the sale of the insurance policy to Mr. Collins, negligently supplied false information to Mr. Collins in order to get him to buy the insurance. Defendant failed to exercise reasonable care in obtaining or communicating such false information and provided such information for the purpose of guiding Mr. Collins in the transaction at issue. Mr. Collins justifiably relied upon defendant's false information and has been damaged by that reliance.

28. Defendant failed to use reasonable care in determining whether all the representations made to Mr. Collins were true and accurate. Mr. Collins justifiably relied upon the false information by defendant and has been damaged by that reliance.

## V. COMMON LAW FRAUD

29. All allegations in paragraphs 1 through 28 of this Complaint are hereby incorporated and re-alleged by reference.

30. Defendant intentionally, fraudulently and/or recklessly made wrongful representations to Mr. Collins regarding the coverage and content of the insurance policy that were aimed at convincing Mr. Tatum to purchase the insurance policy. Mr. Tatum, to his detriment, reasonable relied upon the representations of defendant when he originally agreed to purchase the unit.

31. These intentional, fraudulent and/or reckless acts and/or omissions by defendant constitute common law fraud. Further, such actions and/or omissions were in fact the proximate cause of the damages sustained by Mr. Collins.

32. Because of defendants intentional, fraudulent and/or reckless acts and/or omissions, Mr. Collins respectfully assets that he is entitled to punitive damages in accordance with Hodges v. S.C. Toof and Company, 833 S.W.2d 896 (Tenn. 1992).

## VI. **BREACH OF CONTRACT**

33. All allegations in paragraphs 1 through 32 of this Complaint are hereby incorporated and re-alleged by reference.
34. Defendant breached the contract with Mr. Collins when they did not provide the coverage as it was stated in the bill of sale. Mr. Collins, to his detriment, reasonable relied upon the representations and promises made by defendant during the time of negotiations of the bill of sale.
35. The breach of contract by Defendant was the actual and proximate cause of the damages by Mr. Collins.

WHEREFORE, Mr. Rick Collins respectfully requests of the Court the follows:

A. That the Court issue and serve process on the Defendant and require them to Answer within the time prescribed by law.
B. That a Jury be impaneled as prescribed by law.
C. That Mr. Collins be awarded actual damages of $60,000.00;
D. That Mr. Collins be awarded treble damages under TCPA.
E. That Mr. Collins be awarded reasonable attorney fees as directed by statute.
F. That Mr. Collins be awarded special damages for Defendant operating under bad faith.
G. That Mr. Collins be awarded punitive damages not to exceed $280,000.00;
H. That Mr. Collins be awarded discretionary costs and pre-judgment interest; and

I. That Mr. Collins be awarded any and all further relief that the Court deems just and proper.

Respectfully submitted this 11th day of March, 2014.

Andrew O. Beamer (BPR #028791)
707 Market Street
Knoxville, TN 37902
(865) 850-9029
Attorney for Leonard Tatum

STATE OF TENNESSEE )
)
COUNTY OF KNOX )

I, Rick Collins, after being duly sworn according to law, make oath that I have read the foregoing Complaint, and the facts set forth therein are true to the best of my knowledge, information and belief. Further, I make oath that the Complaint is not made out of levity or in collusion with the Defendant but is true to the best of my knowledge, information and belief.

Rick Collins

Sworn to and subscribed before me the 11th day of March, 2014

Notary Public
My Commission Expires: 9-1-16

LIBBY HAUN
STATE OF TENNESSEE
NOTARY PUBLIC
KNOX COUNTY

State of Tennessee
Dept. of Commerce & Insurance
Service of Process
500 James Robertson Parkway
Nashville, TN 37243





7012 3460 0002 8942 6150

7012 3460 0002 8942 6150      03/26/2014
LIBERTY INSURANCE UNDERWRITERS
2908 POSTON AVENUE, % C S C
NASHVILLE, TN  37203

Case 3:14-cv-00169-TAV-CCS  Document 1-2  Filed 04/25/14  Page 12 of 12  PageID Exhibit 1